ROWE et al. v. MERCANTILE NAT. BANK.

· No. 1127.

Court of Civil Appeals of Texas. Waco.
March 10, 1932.

J. H. Synnott, of Dallas, for appellants.

Holland, Bartlett, Thornton & Chilton, of Dallas, for appellee.

BARCUS, J.

This suit was instituted by R. M. Rowe, receiver, and a large number of creditors of the Prince Drug Company against appellee bank to recover $2,020.65 which appellants claimed belonged to them and which they alleged appellee had converted to its own use and benefit. At the conclusion of the testimony, the trial court instructed the jury to return a verdict denying appellants any recovery.

Appellants contend that there were certain issues of fact that should have been submitted to the jury. If, viewed in its most favorable light to appellants, the pleadings and evidence raised an issuable fact, it was the duty of the trial court to submit said issue to the jury.

Appellants alleged that the Prince Drug Company, a corporation, of which L. M. Prince was president, sold a stock of merchandise to J. T. Drake for $5,850, which was deposited in appellee bank to be paid to the creditors of the Prince Drug Company; that on February 4, 1926, L. M. Prince added to said account in appellee bank the sum of $3,667.95; that all of said money was deposited in appellee bank to be used for the payment of creditors of the Prince Drug Company. Appellants further alleged that, after said money was placed in said bank, a suit was filed by J. G. Webster against the Prince Drug Company on February 5, 1926, before any of said money had been paid out, and that said Webster obtained an injunction against Prince and Drake forbidding them so distributing or paying out any of the original $5,850. Appellants further alleged that, without having proper checks therefor, on February 10, 1926, appellee bank paid to itself $1,500 out of said total deposits, and on February 23d paid $500 to some insurance adjusters, and on July 1, 1926, paid five small items totalling $20.65. Appellants further alleged that in December, 1927, when the cause of Webster v. the Prince Drug Company was tried, the trial court entered judgment awarding Webster $4,074 of the fund then on deposit in appellee bank, and appointed R. M. Rowe receiver of the Prince Drug Company, and awarded Rowe the balance of the fund then on deposit in appellee bank, with instructions to said Rowe to pay costs of that suit and all taxes and attorney's fees and prorate the balance of the fund among the other creditors of the Prince Drug Company. Appellants further alleged that, when Rowe as receiver went to appellee bank to receive said funds, he found that said $2,020.65 had been paid out of said fund as hereinbefore stated. Appellants allege that each of the two deposits were made in appellee bank with the understanding and agreement that none of it should be paid out except on the joint check of L. M. Prince and J. T. Drake, and that appellee bank, having cashed the checks on said fund without their signature for the $2,020.65, had thereby misapplied said amount, and that by reason thereof they were entitled to recover said amount from appellee bank.

Appellee bank answered with certain pleas in abatement, general denial, and other pleas not necessary to state.

The record shows that on January 19, 1926, there was deposited in appellee bank, in the name of L. M. Prince and James T. Drake, $5,850, and on February 4, 1926, there was deposited in said account $3,667.95, making a total deposit of $9,517.95. On February 10, 1926, there was charged against said fund $1,500 and on February 23, 1926, $500,

and on July 1, 1926, five small checks totalling $20.65.

 The evidence tends to show that all of said funds were to be used to pay the creditors of Prince Drug Company. In December, 1927, the district court, in a suit styled J. G. Webster v. Prince Drug Company et al., directed that out of said fund in appellee bank J. A. Jandrews be paid $342.82 and J. G. Webster be paid $4,074, and appointed R. M. Rowe, receiver, for the remainder of said fund, and instructed him, after paying the court costs, to pay the balance thereof pro rata to the other creditors of the Prince Drug Company. When appellant Rowe applied to the appellee bank for said funds, it failed and refused to deliver to him the $2,020.65 in controversy in this litigation. Under the testimony, it became an issuable fact as to whether all of the $9,517.95 had been deposited in appellee bank for the sole purpose of paying the creditors of the Prince Drug Company and whether appellant Rowe as receiver was entitled to demand of appellee bank the $2,020.65 which had been withdrawn from said fund prior to the date the judgment in the Webster suit was entered. If Rowe as receiver was entitled to said fund, then whether it had been properly drawn out was a defensive matter that devolved upon appellee bank to establish. Under the facts as revealed by the record, we think the trial court was in error in peremptorily instructing the jury to return a verdict.

The judgment of the trial court is reversed, and the cause remanded.